UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Daniel Zorn

    v.                                  Civil No. 09-cv-166-SM

New Hampshire Supreme Court et al.

**REPORT AND RECOMMENDATION**

Pro se plaintiff, Daniel Zorn, has filed suit against defendants, the New Hampshire Supreme Court ("NHSC") and NHSC Justices Linda Dalianis, James Duggan, and Gary Hicks, and Chief Justice John Broderick, seeking an order from this Court vacating or reversing a decision of the NHSC, Zorn v. Demetri, 969 A.2d 464, 465, 158 N.H. 437, 438 (2009). Zorn contends that the NHSC decision was wrongly decided and violates his rights to equal protection under the Fourteenth Amendment and to a republican form of government under Article IV, Section 4 of the United States Constitution. Because Zorn is proceeding pro se and has paid the filing fee, the complaint is before me for preliminary review to determine whether this Court's subject matter jurisdiction has been invoked. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

Standard of Review

Under LR 4.3(d)(1)(A), when a plaintiff commences an action pro se, the magistrate judge conducts a preliminary review. In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curium) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, Erickson, 551 U.S. at 94, and any inferences reasonably drawn from them. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005). This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

Zorn and his wife sued their landlords, the Demetris, in Nashua District Court in 2007, claiming among other things, that the Demetris had required them to post an excessive security deposit to rent a single family home in Hollis, New Hampshire. The state trial judge ruled against the Zorns, finding that the Demetris were not "landlords" as that term is defined in the pertinent state landlord-tenant law, N.H. Rev. Stat. Ann. ("RSA") § 540-A:5, I.  See Zorn, 969 A.2d at 465, 158 N.H. at 438 (recounting procedural history).  The NHSC affirmed the ruling.

Zorn filed his action in this Court pro se, challenging the actions of the NHSC and its Justices in affirming the Nashua District Court's ruling, and claiming that the Defendants had violated his rights under the United States Constitution.  The federal civil rights statute, 42 U.S.C. § 1983, provides a cause of action for plaintiffs seeking redress for deprivations of federal constitutional and statutory rights by persons acting under color of state law.  I construe Zorn's complaint (doc. no. 1) as asserting the following claims arising under section 1983:

> 1.  Defendants are liable for violating Zorn's right to equal protection under the Fourteenth Amendment by construing the relevant state law as inapplicable to tenants in the Zorns' circumstances.
>
> 2.  By effectively adding language to a statutory provision and construing it contrary to its plain language,

>Defendants are liable for violating the principle of separation of powers and for violating the guarantee of a republican form of government under Article IV, Section 4 of the United States Constitution.

## Discussion

I.  Rooker-Feldman Doctrine

Federal Courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  Id.  Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it.  Id.; see also Bender v. Williamsport Area Sch. Dist, 475 U.S. 534, 541 (1986).  If it appears that the courts lacks subject matter jurisdiction over the matter, the court is required to dismiss the action.  Fed. R. Civ. P. 12(h)(3).

The Rooker-Feldman doctrine -- named for a line of cases derived from D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413 (1923) -- "is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  Lance v. Dennis, 546 U.S. 459, 464 (2006) (citation omitted).  The doctrine preserves the exclusive jurisdiction of the federal

Supreme Court over appeals from final state court judgments through the writ of certiorari under 28 U.S.C. § 1257.  See Lance, 546 U.S. at 464.  The Rooker-Feldman doctrine "precludes [federal district] courts from exercising subject matter jurisdiction where the issues presented in the case are 'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be . . . reviewing a state court decision for error."  Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003) (footnote and citations omitted); see also Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999) (quoting Feldman, 460 U.S. at 483-84, n.16).  The claims are "inextricably intertwined" if "'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'"  Hill, 193 F.3d at 39 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 23, 25 (1987) (Marshall, J., concurring)).

    Applying these principles, I conclude that the claims are inextricably intertwined.  Zorn claims that the NHSC and the Defendant Justices violated his federal constitutional rights by issuing a final judgment that Zorn contends was error:  the Defendant Justices misconstrued the applicable statute, denied the Zorns the protections of state landlord-tenant law, and effectively amended a state law without any authority to do so.

Zorn has requested injunctive relief including an Order vacating or reversing the NHSC decision.  Zorn's federal case is, therefore, precisely the type barred by the Rooker-Feldman doctrine.  Accordingly, I recommend dismissal of Zorn's federal action for lack of subject matter jurisdiction.

If the Report and Recommendation is approved, the claims identified herein will be considered for all purposes to be the claims raised in the complaint.  If Zorn disagrees with the identification of the claims herein, he must do so by objection filed within 10 days of receipt of this Report and Recommendation, or he must properly move to amend the complaint.

Any objections to this report and recommendation must be filed within  days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: September 14, 2009

cc:  Daniel Zorn, *pro se*

JRM:nmd